T.C. Memo. 2004-189


UNITED STATES TAX COURT


KAING CHIN AND HAE KYUNG BAEK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8740-03.               Filed August 24, 2004.


<u>Sang I. Lee</u>, for petitioners.

<u>Alan H. Cooper</u> and <u>Lauren Mark</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to redetermine respondent's determinations as to their 1999 Federal income tax.  As to that year, respondent determined in the notice of deficiency that petitioners were liable for a $154,896 deficiency and a $30,979.20 accuracy-related penalty under

section 6662(a).[1]  The deficiency and penalty stemmed from respondent's determination that petitioners' gross income for 1999 included $400,275 of unreported gross receipts received by K & C International Co. (KC), the sole proprietorship of petitioner Kaing Chin Baek (Baek).  Respondent determined the presence and amount of this unreported income from information that he received from third parties stating that Baek had on each of various days made deposits totaling at least $10,000 into KC's business checking account (KC account).

During this proceeding, respondent obtained the 1999 bank statements of the KC account, spoke to Baek (or his counsel), and conceded at the start of trial that none of the proceeds of the referenced deposits were includable in petitioners' gross income as they were received by Baek in repayment of funds given to Byung Chen Yoo (Yoo).  Respondent now notes that the cash deposited into the KC account during 1999 ($898,286.80) exceeds the amount drawn on checks payable from that account to Yoo or to one of his businesses ($771,640) by $126,646.80 and argues that the $126,646.80 is taxable to petitioners unless they prove to the contrary.  Respondent conceded at the start of trial that petitioners' unreported income for 1999 is no greater than $126,646.80 and that the deficiency and accuracy-related penalty

---

[1] Section references are to the applicable versions of the Internal Revenue Code.

determined in the notice of deficiency must be reduced accordingly.

We decide whether petitioners' gross income includes the $126,646.80 just mentioned. We hold it does not. On the basis of this holding, we also hold without further discussion that petitioners have no understatement for that year and, hence, that they are not liable for the accuracy-related penalty determined by respondent.

## FINDINGS OF FACT

Some facts were stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided in Diamond Bar, California, when their petition to this Court was filed. They filed a joint 1999 Federal income tax return (1999 return) that reported that Baek's wife had during that year received $30,243 of income. They did not report on their 1999 return any income received by Baek.

Before 1999, Baek operated a sole proprietorship, KC, that exported sportswear to Japan. During 1999, KC did not export any merchandise to Japan, and KC did not receive any income. Petitioners reported on their 1999 Schedule C, Profit or Loss From Business (Sole Proprietorship), that KC's gross receipts and expenses for 1999 were both zero and that KC continued as of the

end of 1999 to hold $5,850 of inventory that it held as of the beginning of that year.

Baek maintained the KC account from before 1999 until September 30, 1999, when the account was closed. During 1999, Baek deposited into the KC account cash totaling $898,286.80. Baek obtained most of this cash from Yoo as repayment of funds that Yoo received through checks drawn on the KC account. Before and during 1999, Yoo and Baek were involved in a check kiting scheme under which they obtained cash by floating checks written on the KC account. Pursuant to this scheme, Baek, during 1999, wrote a total of $771,640 in checks on the KC account to either Yoo or to one of Yoo's businesses. Baek also wrote to other individuals or entities checks drawn on the KC account, and he caused those funds to be received by Yoo as well. On each day that a check was received from Baek, Yoo attempted to and usually did cash that check at a bank that was different from the bank that serviced the KC account (KC bank). Before the KC bank processed Baek's check for payment, a time that was typically the day after Yoo cashed the check at the other bank but, on account of weekends and holidays, was sometimes 3 or 4 days, Yoo usually gave Baek cash equal to the amount of the check by cashing a check drawn on Yoo's account. During 1999, Yoo cashed at least 99 checks totaling $867,031 that were drawn on his account, and he gave most of those proceeds to Baek who, in turn, deposited

the proceeds into the KC account.  As to $81,511.64 that was deposited into the KC account during 1999 but was not received from Yoo, Baek received that cash by cashing at a check cashing establishment (establishment) a check payable on the KC account to the establishment or to cash.  Baek immediately deposited most of the proceeds of those checks into the KC account so that other checks from the KC account would be covered for payment.

OPINION

Respondent argues primarily that the $126,646.80 is taxable to petitioners as compensation that Yoo paid to Baek during the operation of KC's export business.  Respondent argues alternatively that the $126,646.80 is taxable to petitioners because they have failed to prove otherwise.  Petitioners argue primarily that the $126,646.80 is not taxable to them in that it consists of (1) cash that Baek received from Yoo in repayment of funds drawn by him from the KC account and (2) cash that Baek received from his cashing of checks at the establishment. Petitioners argue alternatively that respondent bears the burden of proof and that he has failed to carry this burden.

We decide this case on the basis of the primary argument and need not and do not decide the parties' dispute as to who bears the burden of proof.  We note, however, that the Court of Appeals for the Ninth Circuit, the court to which an appeal of this case lies, has held repeatedly that respondent's determination in a

notice of deficiency loses its presumption of correctness when it is arbitrary and excessive, e.g., Estate of Mitchell v. Commissioner, 250 F.3d 696, 701-702 (9th Cir. 2001), affg. in part, revg. in part, and remanding T.C. Memo. 1997-461; Morrissey v. Commissioner, 243 F.3d 1145, 1148-1149 (9th Cir. 2001), revg. Estate of Kaufman v. Commissioner, T.C. Memo. 1999-119; Cohen v. Commissioner, 266 F.2d 5, 11-12 (9th Cir. 1959), remanding T.C. Memo. 1957-172, that a notice of deficiency may be arbitrary and excessive when it contains a valuation that respondent abandons, e.g., Morrissey v. Commissioner, supra at 1148-1149, and that, here, respondent at trial conceded in full his sole determination in the notice of deficiency that each day's deposits totaling $10,000 or more constituted unreported gross receipts of KC.

As to the primary argument, the evidentiary record before us is scant. The parties stipulated minimal facts and exhibits, and petitioners at trial called the only two witnesses, Baek and Yoo, whose testimony was brief on direct examination and even briefer on cross-examination. We find, however, that Yoo did not pay the $126,646.80 to Baek as compensation received in the operation of KC's export business. That business was not even in operation during 1999. We also find that Baek received the $126,646.80 from nontaxable sources. In addition to the $771,640 that was paid to Baek by Yoo in repayment of the checks written to Yoo or to Yoo's businesses, the $898,286.80 of deposits into the KC

account, of which the $126,646.80 is part, included (1) most of the $81,511.64 that was received from the checks cashed by Beak at the establishment and (2) other amounts that Yoo gave Baek in repayment of funds that Baek, either directly or indirectly, caused to be received by Yoo.  We hold for petitioners.

All arguments in this case have been considered, and those arguments not discussed herein have been found to be without merit or inapplicable to our decision.

<u>Decision will be entered for petitioners</u>.